**UNITED STATES of America, Appellee,**

v.

**Aries D. CRUDUP, Defendant, Appellant,**

**No. 03–1717.**

United States Court of Appeals, First Circuit.

Heard March 3, 2004.

Decided July 7, 2004.

Edward C. Roy, Jr., Assistant Federal Public Defender, Office of the Federal Public Defender, on brief for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Craig N. Moore, Acting United States Attorney, and Zechariah Chafee, Assistant United States Attorney, were on brief for appellee.

Before BOUDIN, Chief Judge, CYR, Senior Circuit Judge, and HOWARD, Circuit Judge.

CYR, Senior Circuit Judge.

Following his sentencing in the Rhode Island courts for violating probation, appellant Aries D. Crudup entered a guilty plea in federal district court on one count of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1).

At the time of the federal sentencing hearing, the applicable guidelines provided that, "[if] the defendant was on federal or state probation ... at the time of the instant offense, and has had such probation ... revoked, the sentence for the instant offense *should* be imposed to run consecutively to the term imposed for the violation of probation." USSG § 5G1.3, comment. (n. 6) (Nov. 2002) (emphasis added). This court, like several other courts of appeals, construed this commentary as removing all discretion from the district court by mandating the imposition of a consecutive federal sentence. *See United States v. Gondek,* 65 F.3d 1, 3–4 (1st Cir. 1995); *see also United States v. Goldman,* 228 F.3d 942, 944 (8th Cir.2000); *United States v. Alexander,* 100 F.3d 24, 27 (5th Cir.1996); *United States v. Bernard,* 48 F.3d 427, 432 (9th Cir.1995). Noting that § 5G1.3 was "less than a model of clarity," however, in 1995 this court transmitted a copy of the *Gondek* decision to the United States Sentencing Commission, with the suggestion that it consider clarifying this provision in § 5G1.3. *Gondek,* 65 F.3d at 2. Thereafter, other courts of appeals arrived at the opposite conclusion, holding that the § 5G1.3 commentary accords the district court discretion to impose concurrent sentences. *See United States v. Swan,* 275 F.3d 272, 279–80 (3d Cir.2002); *United States v. Tisdale,* 248 F.3d 964, 977 (10th Cir.2001); *United States v. Maria,* 186 F.3d 65, 70–71 (2d Cir.1999).

At Crudup's sentencing hearing on May 2, 2003, the district court properly invoked settled circuit precedent (*viz., Gondek*), and rejected Crudup's request that it exercise its discretion to order that his 84–month federal sentence for violating 18 U.S.C. § 922(g)(1) be served concurrently—either in whole or in part—with the 103–month state sentence imposed for violating the terms of his probation.

In November 2003, the Sentencing Commission amended § 5G1.3 to state, *inter alia,* that "the Commission *recommends* that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation [of probation]." USSG § 5G1.3, comment. (n.3(C)) (emphasis added). The Commission explained:

> [T]he Commission recommends a consecutive sentence in this situation. This amendment also resolves a circuit conflict concerning whether the imposition of such sentence is required to be con-

secutive. The amendment follows holdings of the Second, Third, and Tenth Circuits stating that imposition of sentence for the instant offense is not required to be consecutive to the sentence imposed upon revocation of probation. USSG App. C (Amendment 660, "Reason for Amendment" ¶ 2) [hereinafter "Amendment 660, ¶ 2"] (citing the *Maria, Swan,* and *Tisdale* decisions). Amendment 660, ¶ 2, now encourages district courts to impose consecutive sentences, while at the same time permitting them—in the exercise of their sound discretion—to make the federal sentence concurrent.

■ On appeal, Crudup requests remand to the district court for resentencing in light of the discretion now conferred upon it by Amendment 660, ¶ 2. Although he acknowledges that Amendment 660, ¶ 2, did not take effect until November 2003— six months after his sentencing hearing— he intimates that the Commission essentially acted to remove the lack of clarity that we highlighted in *Gondek,* and that the amendment therefore is merely a Commission clarification of the meaning of the guideline language (*viz.,* "should be imposed") already in effect at his May 2003 sentencing hearing.[1]

■ Normally, the sentencing judge is to apply the guidelines version in effect at the time of sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii); USSG § 1B1.11(a); *see Isabel v. United States,* 980 F.2d 60, 62

(1st Cir.1992).[2] Nonetheless, a reviewing court may give effect to post-sentencing guideline amendments which clarify, without purporting substantive change, the pertinent guideline provision. *See United States v. Prezioso,* 989 F.2d 52, 53 (1st Cir.1993); *Isabel,* 980 F.2d at 62; *see also United States v. Anderson,* 5 F.3d 795, 801–02 (5th Cir.1993); *United States v. Madera–Gallegos,* 945 F.2d 264, 267 n. 2 (9th Cir.1991); *United States v. Caballero,* 936 F.2d 1292, 1299 n. 8 (D.C.Cir.1991); *United States v. Fiala,* 929 F.2d 285, 290 (7th Cir.1991); *cf.* USSG § 1B1.11(b)(2)(likewise requiring sentencing court to apply all pre-sentencing amendments which clarify an earlier guideline provision). "Such an amendment changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant." *United States v. Smaw,* 22 F.3d 330, 333 (D.C.Cir.1994).

■ Amendment 660, ¶ 2 does not present the easy case where the amended guideline language is inconsistent with the plain meaning of the pre-amendment language, thus leaving no doubt that the Commission intended to make a substantive change. *See Prezioso,* 989 F.2d at 54 (noting that prior circuit precedent held that original guideline was not ambiguous, but "perfectly clear"). As we noted in

---

**1.** Crudup came perilously close to waiving the present argument on appeal. In his appellate brief, he fails either to cite or to discuss any of the pertinent cases which distinguish between clarifying and substantive guideline amendments. *See United States v. Marks,* 365 F.3d 101, 106 n. 4 (1st Cir.2004) (noting that issues discussed on appeal in a perfunctory manner, without an attempt at adequate argumentation, are waived). Further, these legal issues were belatedly broached at oral argument for the first time. *See United States v. Richardson,* 225 F.3d 46, 52 n. 2 (1st Cir.2000) (not-

ing that arguments raised for first time at oral argument are deemed waived). Nonetheless, we exercise our discretion to resolve the merits of the instant argument.

**2.** An exception, not applicable here, arises where the guideline in effect at sentencing would violate the *ex post facto* clause of the Constitution, in which event the court would use the guideline version in effect at the date of the offense of conviction. *See* USSG § 1B1.11(b)(1).

*Gondek,* the phrase "should be imposed" was hardly unambiguous.

■ Of course, a clear-cut demarcation rarely can be drawn between an amendment which is a mere clarification and one which effects a substantive change. Thus, to resolve the issue, often we must weigh various factors and any conflicting indicia of the Commission's intent. *See Isabel,* 980 F.2d at 62 ("Where the line is to be drawn may well reflect not only language and intent but also implicit judgments as to the Sentencing Commission's function and the role of guideline commentary."); *see also United States v. Roberson,* 194 F.3d 408, 417 (3d Cir.1999). We therefore turn to this case-specific inquiry.

First, the Commission chose not to include Amendment 660 in § 1B1.10(C), which lists those guidelines amendments which it intends be given retroactive effect, pursuant to its authority under 28 U.S.C. § 994(u). Even though courts may ascribe retroactive effect to an amendment not listed in § 1B1.10(C) if other evidence independently suggests that the Commission intended it as a clarification, *see, e.g., Isabel,* 980 F.2d at 62 n. 4; *see also United States v. Huff,* 370 F.3d 454, 465–66 (5th Cir.2004); *United States v. Kissick,* 69 F.3d 1048, 1052 (10th Cir.1995); *United States v. Capers,* 61 F.3d 1100, 1109 (4th Cir.1995), the Commission's exclusion of Amendment 660 from § 1B1.10(C) nonetheless constitutes some evidence that the Commission did not envision Amendment 660, ¶ 2 as a clarification, but as a substantive change in the law. *See, e.g., Huff,* 370 F.3d at 465–66 (finding this as one factor suggesting that Amendment 660, ¶ 2, was not a mere clarification); *accord United States v. Davidson,* 283 F.3d 681, 685 (5th Cir.2002).

■ Second, while the Commission's own characterization of an amendment as "clarifying" or "substantive" is not control-ling, *see Prezioso,* 989 F.2d at 54 (finding amendment substantive despite label as clarification); *see also Kissick,* 69 F.3d at 1053 (finding amendment substantive, even though labeled "clarification"), we nonetheless accord its characterization considerable weight. *See Isabel,* 980 F.2d at 62 (finding this the decisive factor in a "close" case). The Commission neither expressed nor implied that Amendment 660, ¶ 2, is a clarification. *See Huff,* 370 F.3d at 465–66 (noting that failure of commission to designate Amendment 660, ¶ 2 as a "clarification" is evidence that it considered it a substantive change). More significantly here, the Commission expressly labeled other paragraphs in Amendment 660 as clarifications, *see, e.g.,* Amendment 660, ¶ 1 ("[T]his amendment clarifies the rule . . . ."), strongly suggesting that Amendment 660, ¶ 2 was not intended as a clarification. *See Huff,* 370 F.3d at 466–67 (noting that "the Commission has not expressly stated that [Amendment 660, ¶ 2] is clarifying (although it does describe two other changes made by amendment 660 as clarifying)"); *see also United States v. Luna–Diaz,* 222 F.3d 1, 5 (1st Cir.2000) (noting that principle of *expressio unius est exclusio alterius* applies with full force to interpretation of sentencing guidelines); *United States v. Milan,* 304 F.3d 273, 293 (3d Cir.2002) (same), *cert. denied,* 538 U.S. 1024, 123 S.Ct. 1956, 155 L.Ed.2d 869 (2003).

■ Third, we have considered whether an amendment was inconsistent with, or prospectively abrogated by, our circuit precedent in determining whether that it effected a substantive change. *See Prezioso,* 989 F.2d at 54 ("Given th[e] [*Gallego* ] holding, the amendment alters the guideline as interpreted by the First Circuit" which "weighs in favor of characterizing the amendment as a substantive change"); *see also United States v. Goines,* 357 F.3d

469, 474 (4th Cir.2004); *United States v. Diaz*, 245 F.3d 294, 303 (3d Cir.2001); *Kissick*, 69 F.3d at 1053 (finding an amendment substantive for this reason, even though labeled as "clarification"); *cf. Huff*, 370 F.3d at 465–66 (if the amended language comports with prior circuit law, then it is a clarification).[3] Since Amendment 660 unquestionably abrogates our *Gondek* decision, this factor also would weigh in favor of characterizing it as substantive.

Finally, we consider whether the amendment addresses an issue upon which the courts of appeals have already staked out opposing positions, this being some evidence that the amendment is not a mere clarification, *see Huff*, 370 F.3d at 465–66; *Davidson*, 283 F.3d at 684 (finding amendment substantive where the Commission expressly stated that it was "address[ing] a circuit conflict," and then "adopted a position"). This principle presumably is premised upon the notion that normally a circuit split would not result unless the original guideline language was ambiguous. Here, for instance, the Commission simply noted in Amendment 660, ¶ 2, that it would "follow" the Second, Third, and Tenth Circuits' view that consecutive sentencing is discretionary, but the Commission did not intimate that these three circuits correctly apprehended the Commission's original intent underlying the pre-amendment guideline, nor that conflicting interpretations like *Gondek* had misinterpreted that original intent. Rath-

er, the Commission asserted that it "follow[ed]" the holdings of the Second, Third, and Tenth Circuits.

As all of the above factors weigh in favor of characterizing Amendment 660, ¶ 2, as a substantive change, it cannot be applied retroactively to the Crudup sentencing.

*Affirmed.*

---

3. Arguably, the courts of appeals are divided on this interpretive principle. Some have determined an amendment clarifying and retroactive even though it conflicted with circuit precedent. *See, e.g., United States v. Garcia–Cruz*, 40 F.3d 986, 990 (9th Cir.1994); *United States v. Fitzhugh*, 954 F.2d 253, 254 (5th Cir.1992); *United States v. Thompson*, 944 F.2d 1331, 1347 (7th Cir.1991). As we conclude that there is no other evidence that the Commission intended Amendment 660, ¶ 2, to be a clarification, we need not reach the question whether or not our precedent would permit this factor alone to be dispositive. *Prezioso*, 989 F.2d at 54 (noting that amendment's conflict with circuit precedent "weighs in favor of characterizing the amendment as a substantive change"); *cf. Roberson*, 194 F.3d at 417 (noting only that court was "inclined to hold" that the amendment was substantive because it overruled circuit precedent).